

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2002

# Brunwasser v. Johns

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1983

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Brunwasser v. Johns" (2002). *2002 Decisions.* Paper 778.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/778

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1983

———————

ALLEN N. BRUNWASSER, individually, and as a
REPRESENTATIVE OF A CLASS,

Appellant

v.

CHARLES W. JOHNS, PROTHONOTARY OF THE
SUPREME COURT OF PENNSYLVANIA

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 01-cv-01255)
District Judge: Honorable Robert J. Cindrich

———————

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2002

Before: BARRY and AMBRO, <u>Circuit Judges</u>
DOWD*, <u>District Judge</u>

(Opinion filed November 27, 2002)

———————

OPINION

———————

———————

*Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

AMBRO, <u>Circuit Judge</u>:

For essentially the reasons set forth in Magistrate Judge Caiazza's comprehensive and well-reasoned Report and Recommendation dated January 10, 2001, we affirm the District Court's decision to dismiss Brunwasser's class action for lack of standing.

We affirm the District Court's decision to deny Brunwasser's Rule 59(e) Motion because he failed to make the requisite showing. A judgment may be altered or amended if the party seeking reconsideration shows one of the following grounds: (1) an intervening change in the controlling law; (2) the availablility of new evidence not available when the court dismissed the case; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). Because Brunwasser failed to demonstrate the existence of any of these grounds, the District Court correctly denied Brunwasser's request.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro
Circuit Judge

3